**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHONGDE LI,<br><br>               Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No.   13-71268<br><br>Agency No. A099-447-947<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Zhongde Li, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Li's admitted misrepresentations as to his residence. *See id.* at 1048 (adverse credibility determination reasonable under the "totality of circumstances"); *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). In the absence of credible testimony, in this case, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Li's CAT claim also fails because it is based on the same evidence the agency found not credible, and the record does not otherwise compel a finding that it is more likely than not he would be tortured if returned to China. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

2